IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| G. S., *a minor, by and through his parents and Next Friends, Tim Seidel and Hayley Seidel*, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| CH ALLIED SERVICES, INC. d/b/a BOONE HOSPITAL CENTER, | ) ) ) |
| Defendant/Third-Party Plaintiff, | ) ) |
| v. | ) ) |
| BECTON, DICKINSON & COMPANY, | ) ) |
| Third-Party Defendant. | ) ) |

CASE NO. 2:23-cv-4155

**JURY TRIAL DEMANDED**

## NOTICE OF REMOVAL

Defendant Becton, Dickinson and Company ("BD") by and through undersigned counsel, hereby provides notice pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 of the removal of the above-captioned case from the Circuit Court of Boone County, Missouri, where it is currently pending, to the United States District Court for the Western District of Missouri. As addressed below, the Court has jurisdiction over this matter because BD, as the newly added party, is completely diverse from the only remaining party in this action, CH Allied Services, Inc. d/b/a Boone Hospital Center ("Boone Hospital"), and the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff in the settled medical malpractice action (G.S., a minor, by and through his parents and Next Friends, Tim Seidel and Hayley Seidel ("Settled Plaintiff")) and Boone Hospital settled and released the claims in the medical malpractice action in July 2021. *See* Third-Party Petition,

*attached hereto* as **Exhibit A**, at ¶¶ 22, 33, 44, 58 (Boone Hospital "has settled plaintiff's claims pursuant to a Release."). Accordingly, all claims between Settled Plaintiff and Boone Hospital have been resolved and no claims remain in the settled medical malpractice action between Settled Plaintiff and Boone Hospital. Thus, although Boone Hospital has filed a purported "Third-Party Petition" in a long-settled case, BD was never part of the settled medical malpractice action, and this is in fact a brand-new action for contribution between Boone Hospital and BD only.

Further, Boone Hospital seeks contribution from BD "for BD's proportionate share of fault in causing [Settled] Plaintiff's injuries and damages resulting from the design, manufacture, and sale" of an alleged Alaris Medical Systems Model 8100 pump. *See* Ex. A, Third-Party Petition at ¶¶ 23, 34, 45, 59. However, pursuant to Missouri law, an action for contribution is not compulsory. *See Hemme v. Bharti*, 183 S.W.3d 593, 599 (Mo. 2006) ("If a claim by one co-party against another is only for indemnity, contribution, or allocation of fault, they are not opposing parties for purposes of the compulsory counterclaim rule."). Rather, an action for contribution is always permissive. *Id.* ("The rules in all instances treat indemnity and contribution claims as permissive, not compulsory.") (citing to Rule 52.11(a) relating to third-party defendants, which states that, "a defending party, as a third-party plaintiff, *may* cause a summons and petition to be served upon a person not a party to the action *who is or may be liable to the defending party for all or part of the plaintiff's claim against the defending party*." (emphasis added in original)). A true third-party claim under Missouri law would have allowed BD to assert defenses in against the Settled Plaintiff and defend itself against the claims brought by Settled Plaintiff. Boone Hospital's Third-Party

2

Case 2:23-cv-04155-MDH   Document 1   Filed 08/10/23   Page 2 of 12

Petition is improperly styled as a third-party petition to the settled medical malpractice matter, and for the reasons stated above, should have been independently filed.[1]

Despite no pending active litigation against it by Settled Plaintiff, Boone Hospital elected to improperly style this action as a tag-along third-party petition to the settled medical malpractice action between Settled Plaintiff and Boone Hospital in an attempt to prevent BD from removing this action to federal court. Boone Hospital will undoubtably rely on *Home Depot U.S.A., Inc. v. Jackson* for the proposition that, "a third-party counterclaim defendant is not a 'defendant' who can remove under § 1441(a)." 139 S.Ct. 1743, 1750 (2019). However, the instant third-party action is notably distinguishable from *Home Depot*. In *Home Depot*, defendant/third-party plaintiff filed a third-party counterclaim against third-party defendant and plaintiff/third-party defendant. Plaintiff/third-party defendant subsequently dismissed its claims against defendant/third-party plaintiff, after which third-party defendant removed the action to federal court. Shortly thereafter, defendant/third-party plaintiff dismissed plaintiff/third-party defendant from the action. In affirming remand of the action, the Supreme Court found the filing of a counterclaim "did not create a new 'civil action' with a new 'plaintiff' and a new 'defendant.'" *Id.* at 1749. Such is not the case here. Rather, Settled Plaintiff and Boone Hospital resolved all their claims in the settled medical malpractice action two years prior to the filing of this purported Third-Party Petition. The purported Third-Party Petition is instead a new cause of action disguised as a third-party petition in a clear attempt by Boone Hospital to avoid removal of this action to federal court. Such conduct has been deemed improper by the Supreme Court. *Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 174 (2014) (holding that a plaintiff may not keep a case out

---

[1] BD is simultaneously filing a motion to dismiss on these procedural grounds in the state court action.

3

of federal court by fraudulently including a nondiverse party). The Supreme Court held that interpreting the diversity jurisdiction statute requires "courts in certain contexts to look behind the pleadings to ensure that parties are not improperly creating or destroying diversity jurisdiction." *Id.* Thus, it is proper for this court to consider the procedural posture of this contribution action in finding that this is a new civil action for purposes of removal.

As such, BD removes this action to the United States District Court for the Western District of Missouri. The grounds for removal are as follows:

## INTRODUCTION

1. Rather than initiating a new complaint, Boone Hospital commenced this action for contribution by filing a Third-Party Petition in a long settled medical malpractice state court case, on or about June 15, 2023 in the Circuit Court of Boone County, Missouri. The case was docketed as Cause No. 17BA-CV01605.

2. Boone Hospital's purported "Third-Party" Petition alleges it is entitled to contribution from BD "for BD's proportionate share of fault in causing [Settled] Plaintiff's injuries and damages resulting from the design, manufacture, and sale" of an alleged Alaris Medical Systems Model 8100 pump. *See*, Ex. A, Third-Party Petition at ¶¶ 23, 34, 45, 59. Boone Hospital alleges that CareFusion Corporation, a wholly owned subsidiary of BD, designed, manufactured, and sold an Alaris Medical Systems Model 8100 pump (the "Pump") that malfunctioned during the delivery of the oxytocin, resulting in an over-infusion during his delivery on December 20, 2014. *Id.* at ¶¶ 4-6, 8, 9, 11.

3. Settled Plaintiff filed the medical malpractice action against only Boone Hospital in 2017, and these two parties settled all claims in that action in 2021. Two years later, after settling with Settled Plaintiff, Boone Hospital filed the instant purported "Third-Party" Petition.

*Id.* at ¶¶ 22, 33, 44, 58 (Boone Hospital "has settled plaintiff's claims pursuant to a Release that permits [Boone Hospital] to seek contribution from BD.")

4. The purported "Third-Party" Petition claims to assert causes of action entitled Strict Liability Product Defect (Count I), Strict Liability Failure to Warn (Count II), Negligence (Count III), and Negligently Supplying Dangerous Instrumentality (Count IV); however, each of these Counts solely seek "contribution against BD for BD's proportionate share of fault" and no other injuries or damages. *See*, Ex. A, Third-Party Petition at ¶¶ 23, 34, 45, 59.

5. BD denies that it is liable to Boone Hospital under any theory and denies that any alleged act or omission by BD caused or contributed to Settled Plaintiff's alleged injuries.

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. Diversity jurisdiction exists where (1) the suit is between citizens of different states, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). As shown below, this case is removable to federal court based on diversity jurisdiction under 28 U.S.C. § 1332.

## VENUE AND JURISDICTION

7. Venue is proper in the Central Division of the United States District Court for the Western District of Missouri because the Court from which this action is removed, the Circuit Court of Boone County, Missouri, is within the Western District of Missouri, Central Division. *See* 28 U.S.C. §§ 1441(a), 1446(a).

8. Federal courts have original jurisdiction over "all civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between . . . citizens of different States" and in actions between "citizens of a State and citizens or subjects of a foreign state […]" 28 U.S.C. § 1332(a)(1), (2).

9. This Court has original jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Boone Hospital and BD, the only parties remaining in this action, and the amount-in-controversy exceeds $75,000, exclusive of interest and costs.

10. In addition, all other requirements for removal are satisfied, as explained below.

**BASIS FOR REMOVAL**

**I. REMOVAL IS PROPER UNDER 28 U.S.C. § 1441, *et seq.*, BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1332.**

**A. Complete Diversity of Citizenship Exists.**

11. Complete diversity exists between all parties to this contribution action.

12. As alleged in the Third-Party Petition, Boone Hospital is a citizen of the State of Missouri. *See* Ex. A, Third-Party Petition at ¶ 2. A corporation is a citizen of both the state where it is incorporated and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1).

13. BD is a corporation incorporated and organized under the laws of New Jersey with a principal place of business in Franklin Lakes, New Jersey. *See* Ex. A, Third-Party Petition at ¶ 3. Thus, BD is a citizen of New Jersey.

14. Boone Hospital and BD are the only parties in this action for contribution. Settled Plaintiff settled his claims with Boone Hospital two years prior to Boone Hospital adding BD as a purported Third-Party Defendant in this action.

15. Because Boone Hospital is a citizen of Missouri, and BD is a citizen of New Jersey, complete diversity exists between the relevant parties to this action.

**B. The Amount in Controversy Requirement Is Met.**

16. The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied. Under 28 U.S.C. § 1332(a), the amount in controversy in a case where federal jurisdiction is based on

6

diversity of citizenship must exceed $75,000, exclusive of interest and costs. Moreover, "[t]he district court has subject matter jurisdiction in a diversity case when a fact-finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that plaintiff suffered are greater than $75,000." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002).

17. When a party seeks removal based on diversity jurisdiction, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy" unless "the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." 28 U.S.C. § 1446(c)(2)(A). In that case, "the notice of removal may assert the amount in controversy." *Id.*

18. Missouri law does not permit a plaintiff to plead a specific sum in the petition; specifically, "no dollar amount or figure shall be included in the demand except to determine the proper jurisdictional authority[.]" Mo. Stat. § 509.050.1(2).

19. Because the Third-Party Petition does not allege a specific sum, the burden falls on the removing party, BD, to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Smith v. AT&T*, Case No. 4:19-CV-881-RK, 2020 U.S. Dist. LEXIS 75138, at *2 (W.D. Mo. 2020) ("Because Missouri does not permit a plaintiff to demand a specific sum, the Court looks to the Notice of Removal to ascertain the amount in controversy" and "[t]o demonstrate the amount in controversy is met, the defendant must prove the 'jurisdictional fact' by a preponderance of the evidence.").

20. Under the preponderance standard, "[t]he jurisdictional fact . . . is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are." *Kopp*, 280 F.3d at 884. Accordingly, BD need only show "a fact finder could legally award more than $75,000[.]" *Smith*, 2020 U.S. Dist. LEXIS 75138, at *3.

21. Here, Settled Plaintiff in the settled medical malpractice action alleges that he suffered an ongoing, progressive, and permanent brain injury. Settled Plaintiff in the settled medical malpractice action thus alleges injury which has persisted for nearly nine (9) years and will continue to persist for the remainder of his life. As such, a fact finder could undoubtably award more than $75,000 in damages.

22. Given the serious nature of the alleged injuries in the settled medical negligence action, it is apparent that the amount in controversy exceeds the jurisdictional minimum.[2]

23. Although BD denies that the Pump was defective in any way and further denies any liability for Settled Plaintiff's alleged injuries, the amount in controversy here clearly exceeds $75,000, exclusive of interest and costs, and BD sufficiently alleges the basis for diversity jurisdiction at the notice-of-removal stage as allowed within the Eight Circuit. *See Smith*, 2020 U.S. Dist. LEXIS 75138, at *3 (a removing defendant may allege facts establishing jurisdiction by the preponderance of the evidence and the party seeking remand must establish it is impossible to recover more than $75,000).

24. Because both of the requirements for federal diversity jurisdiction are satisfied, this case is removable by BD on diversity grounds.

---

[2] While the face of the Third-Party Petition clearly suggests an amount in controversy in excess of $75,000, Boone Hospital is the only party to this suit able to exactly determine the amount in controversy. As mentioned *supra* Paragraph 3, Boone Hospital and Settled Plaintiff entered into a settlement agreement prior to the filing of this Third-Party Petition. *See also* Ex. A, Third-Party Petition at ¶¶ 22, 33, 44, 58. Boone Hospital now seeks to offset this cost onto BD, despite failing to include BD as a party in the settled medical negligence action while it was still pending, or even in the settlement negotiations between Boone Hospital and Settled Plaintiff. Boone Hospital has not provided to BD an unredacted settlement agreement and thus BD does not know the amount of settlement Boone Hospital paid for which it seeks contribution. Accordingly, BD is unable to determine the exact amount in controversy, but maintains that the settlement agreement entered into between Boone Hospital and Settled Plaintiff will provide the Court with the exact figure in controversy.

## II. THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED.

### A. The Notice of Removal Is Timely.

25. This Notice of Removal is timely under 28 U.S.C. § 1446(b)(1), which requires that a Notice of Removal be filed within thirty days of BD's receipt of the Third-Party Petition "through service or otherwise." In *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, the United States Supreme Court held that this thirty-day period is triggered upon "simultaneous service of the summons and complaint." 526 U.S. 344, 347-48 (1999).

26. BD was simultaneously served with the summons and Third-Party Petition on July 11, 2023. *See* Service of Process, *attached hereto* as **Exhibit B**.

27. This Notice of Removal is filed on August 10, 2023, and thus meets the timeliness requirements of 28 U.S.C. § 1446(b)(1).

28. This Notice of Removal is also timely under 28 U.S.C. § 1446(c)(1). Pursuant to 28 U.S.C. § 1446(c)(1), a case may be removed more than one year after the commencement of the action if "the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." As stated above, by improperly filing this action as a tag-along third-party petition rather than an independently filed action, Boone Hospital has acted in bad faith to prevent BD from removing this action. Accordingly, to the extent this Court finds that the appropriate trigger date for consideration of timeliness is the date of the filing of the Settled Plaintiff's petition, BD maintains that this Notice of Removal is timely.

### B. Notice Will Be Provided to the State Court and Boone Hospital.

29. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders served upon BD in the state court action are *attached hereto* as **Exhibit C**.

9

30. Pursuant to 28 U.S.C. § 1446(d), concurrent with the filing of this Notice of Removal, BD is serving this Notice of Removal on Boone Hospital's counsel and filing a copy of the Notice of Removal with the Clerk of the Circuit Court of Boone County, Missouri. *See* Notice of Filing Notice of Removal, *attached hereto* as **Exhibit D**.

31. By filing this Notice of Removal, BD does not waive any defenses available to it and expressly reserves all such defenses.

32. By filing a Notice of Removal in this matter, BD does not waive their rights to object to service of process, the sufficiency of process, jurisdiction over the person, or venue, and BD specifically reserves all rights to assert any defenses and/or objections to which it may be entitled.

### C. Defendant Consents to Removal.

33. For purposes of removal based on diversity of jurisdiction under 28 U.S.C. § 1332(a) and pursuant to 28 U.S.C. 1446(b)(2)(A), all defendants who have been properly joined and served must consent to removal.

34. BD, the only defendant named in this purported third-party action, consents to removal.

WHEREFORE, Notice is given that this action is removed from the Circuit Court of Boone County, Missouri to the United States District Court for the Western District of Missouri, Central Division.

Dated: August 10, 2023                                   Respectfully submitted,

/s/ Jonathan T. Barton
Jonathan T. Barton
Missouri Bar No. 47260
**STANTON | BARTON LLC**
8000 Maryland Avenue
Suite 450
Saint Louis, Missouri 63105
Telephone:  (314) 455-6502
Facsimile:  (314) 455-6524
jbarton@stantonbarton.com

Sabrina R. Gallo
*Pro Hac Vice Application Forthcoming*
Enjoliqué A. Lett
*Pro Hac Vice Application Forthcoming*
**GREENBERG TRAURIG, P.A.**
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0533
Facsimile:   (305) 579-0717
sabrina.gallo@gtlaw.com
enjolique.lett@gtlaw.com

Allison Ng
*Pro Hac Vice Application Forthcoming*
**GREENBERG TRAURIG, LLP**
Terminus 200
3333 Piedmont Road N.E., Suite 2500
Atlanta, Georgia 30305
Telephone:  (678) 553-2129
Facsimile:    (678) 553-2108
nga@gtlaw.com

*Counsel for Defendant Becton, Dickinson and Company*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by using the CM/ECF system on this 10th day of August 2023 on all counsel of record or parties of record on the Service List below.

/s/ Jonathan T. Barton
Jonathan T. Barton

## SERVICE LIST

Kenneth W. Bean
Russell L. Makepeace
Sean M. Harmon
600 Washington Avenue - 15th Floor
St. Louis, MO 63101-1313
Telephone: (314)231-3332
Facsimile: (314) 241-7604
kbean@sandbergphoenix.com
rmakepeace@sandbergphoenix.com
sharmon@sandbergphoenix.com

*Counsel for Third-Party Plaintiff CH Allied Services, Inc. d/b/a Boone Hospital Center's Attorneys*