# EXHIBIT B



## Service of Process Transmittal Summary

**TO:**     Elizabeth Yodice, Litigation Paralegal
C. R. Bard, Inc.
1 BECTON DR
FRANKLIN LAKES, NJ 07417-1815

**RE:**     **Process Served in Missouri**

**FOR:**    Becton, Dickinson and Company  (Domestic State: NJ)

### ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Re: ████████, a minor, by and through his parents and Next Friends, Tim Seidel and Hayley Seidel // To: Becton, Dickinson and Company<br>Name discrepancy noted. |
| **CASE #:** | 17BACV01605 |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect |
| **PROCESS SERVED ON:** | C T Corporation System, Clayton, MO |
| **DATE/METHOD OF SERVICE:** | By Process Server on 07/11/2023 at 07:31 |
| **JURISDICTION SERVED:** | Missouri |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/11/2023, Expected Purge Date: 07/16/2023 |
| | Image SOP |
| | Email Notification,  Elizabeth Yodice  elizabeth.yodice@bd.com |
| | Email Notification,  Sabina Downing  sabina.downing@bd.com |
| | Email Notification,  Candace Camarata  candace.camarata@bd.com |
| | Email Notification,  Marianne Shorey  marianne.shorey@bd.com |
| | Email Notification,  Jean Patterson  jean.patterson@bd.com |
| | Email Notification,  Kate Guier  kate.guier@bd.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>120 South Central Avenue<br>Clayton, MO 63105<br>800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**              Tue, Jul 11, 2023
**Server Name:**       STL.MSHERIFF Drop

| Entity Served | BECTON DICKENSON & COMPANY |
|---|---|
| Case Number | 17BACV01605 |
| Jurisdiction | MO |

| Inserts |
|---|
|  |



 SERVE

# IN THE 13TH JUDICIAL CIRCUIT, BOONE COUNTY, MISSOURI



| Judge or Division: JEFF HARRIS | Case Number: 17BA-CV01605 |
|---|---|
| Plaintiff/Petitioner: ▇▇▇▇▇▇▇ (A MINOR) | Plaintiff's/Petitioner's Attorney/Address JOHN SCOTT ROLLINS 4717 GRAND AVE SUITE 840 KANSAS CITY, MO 64112 |
| Defendant/Respondent: CH ALLIED SERVICES, INC. dba BOONE HOSPITAL CENTER | Court Address: 705 E Walnut COLUMBIA, MO 65201 |
| Nature of Suit: CC Pers Injury-Malpractice | (Date File Stamp) |

vs.

## Summons in Civil Case

The State of Missouri to: **BECTON DICKENSON & COMPANY**
Alias:

CT CORPORATION SYSTEM
120 S CENTRAL AVENUE
CLAYTON, MO 63105

COURT SEAL OF

BOONE COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

| 6/29/2023 | /s/ R. Lea |
|---|---|
| Date | Clerk |

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to: _____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____          _____
                              Date                            Notary Public

| **Sheriff's Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

SJRC (07-21) SM30 (SMCC) *For Court Use Only:* **Document ID # 23-SMCC-630**   1 of 1 (17BA-CV01605)   Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 2:23-cv-04155-MDH   Document 1-3   Filed 08/10/23   Page 4 of 14

IN THE CIRCUIT COURT OF BOONE COUNTY
STATE OF MISSOURI

████████████, a minor, by and )
through his parents and Next Friends, )
Tim Seidel and Hayley Seidel, )
          )
           Plaintiff, )
          )
          )
v. )
          )   Cause No. 17BA-CV01605
*CH ALLIED SERVICES, INC. d/b/a* )
*BOONE HOSPITAL CENTER,* )   Division No. 2
          )
          Defendant/Third-Party Plaintiff, )
          )
          )
v. )
          )
          )
*BECTON, DICKINSON & COMPANY,* )
          )
          Third-Party Defendant. )

## THIRD-PARTY PETITION

Defendant CH Allied Services, Inc. d/b/a Boone Hospital Center, by and through the undersigned counsel, states the following for its Third-Party Petition for contribution against Becton, Dickinson & Company:

1.      Plaintiff ████████ ("plaintiff") is a minor and a resident of Moberly, Randolph County, Missouri.

2.      CH Allied Services, Inc. d/b/a Boone Hospital Center is a corporation organized and existing under Missouri law with a principal place of business in Columbia, Boone County, Missouri.

3.      Becton, Dickinson & Company ("BD") is a corporation organized and existing under New Jersey law with a principal place of business located at 1 Becton Drive, Franklin Lakes, New Jersey 07417-1880.

21397065.v1

Electronically Filed - Boone - June 15, 2023 - 08:45 AM

4.     In 2015, BD completed its acquisition of CareFusion Corporation pursuant to an October 5, 2014, Agreement and Plan of Merger.

5.     CareFusion Corporation became BD's wholly-owned subsidiary when the acquisition was completed.

6.     BD is liable for CareFusion Corporation's acts and omissions herein by virtue of the Agreement and Plan of Merger and by virtue of the fact CareFusion Corporation is BD's wholly-owned subsidiary.

7.     Jurisdiction and venue for this action are proper in the Circuit Court of Boone County, Missouri, because plaintiff was first injured in Boone County, Missouri.

8.     Plaintiff filed this matter against CH Allied Services, Inc. d/b/a Boone Hospital Center for injuries he allegedly experienced due to the over-infusion of oxytocin while his mother was in labor on December 20, 2014, at the Boone Hospital Center.

9.     An Alaris Medical Systems Model 8100 pump that CareFusion Corporation designed, manufactured, and sold was used to deliver the oxytocin pursuant to plaintiff's private obstetrician's order directing an oxytocin augmentation during plaintiff's mother's labor.

10.     Boone Hospital Center has contracts with BD for the maintenance of the Alaris Medical Systems Model 8100 pumps supplied to Boone Hospital Center.

11.     The Alaris Medical Systems Model 8100 pump used to deliver the oxytocin malfunctioned and delivered an over-infusion of oxytocin to plaintiff's mother during her labor.

12.     BD acknowledged in an April 15, 2019, Medical Device Recall Notification that the bezel manufacturing process for the Alaris Medical Systems Model 8100 pump's plastic may have resulted in its weakening and that the "weakened plastic may, over time, lead to separation of the bezel post (recall issue) as well as other damage to the bezel (i.e. external cracking)."

2

21397065.v1

Electronically Filed - Boone - June 15, 2023 - 08:45 AM

13.     The Medical Device Recall Notification further stated, "The separation of one or more bezel posts may result in . . . over infusion," which is precisely what happened when oxytocin was delivered during plaintiff's mother's labor.

## COUNT I - STRICT LIABILITY PRODUCT DEFECT

14.     CH Allied Services, Inc. d/b/a Boone Hospital Center incorporates by reference the allegations contained in paragraphs 1 through 13.

15.     BD's predecessor CareFusion Corporation in the course of its business designed, manufactured, and sold the Alaris Medical Systems Model 8100 pump that was used to deliver the oxytocin during plaintiff's mother's labor.

16.     The Alaris Medical Systems Model 8100 pump at the time it was sold was in a defective condition unreasonably dangerous when put to a reasonably anticipated use because improper materials were used in the pump's membrane and bezel posts and/or because the membrane and bezel posts were improperly designed.

17.     The defective condition that existed when the Alaris Medical Systems Model 8100 pump was sold led to separation of the pump's bezel post and membrane and other damage to the bezel, which resulted in the over-infusion of oxytocin during plaintiff's mother's labor.

18.     CH Allied Services, Inc. d/b/a Boone Hospital Center's agents, employees, and representatives used the Alaris Medical Systems Model 8100 pump in a manner reasonably anticipated.

19.     Plaintiff alleges he was injured and damaged from the over-infusion of oxytocin during his mother's labor.

3

21397065.v1

20.     The over-infusion of oxytocin that occurred during plaintiff's mother's labor was the result of the Alaris Medical Systems Model 8100 pump's defective condition that existed when the pump was sold.

21.     CH Allied Services, Inc. d/b/a Boone Hospital Center has denied and does deny it committed acts or omissions that caused plaintiff's alleged injuries and damages.

22.     Nevertheless, while denying any and all liability to plaintiff, CH Allied Services, Inc. d/b/a Boone Hospital Center has settled plaintiff's claims pursuant to a Release that permits CH Allied Services, Inc. d/b/a Boone Hospital Center to seek contribution from BD.

23.     CH Allied Services, Inc. d/b/a Boone County Hospital is entitled to contribution against BD for BD's proportionate share of fault in causing plaintiff's injuries and damages resulting from the design, manufacture, and sale of the defective and unreasonably dangerous condition of the Alaris Medical Systems Model 8100 pump.

WHEREFORE, CH Allied Services, Inc. d/b/a Boone County Hospital prays for a Judgment in its favor and against Becton, Dickinson & Company for Becton, Dickinson & Company's proportionate share of fault in causing plaintiff's injuries and damages, for CH Allied Services, Inc. d/b/a Boone County Hospital' costs incurred herein, and for such other and further relief as the Court deems just and proper.

## COUNT II - STRICT LIABILITY FAILURE TO WARN

24.     CH Allied Services, Inc. d/b/a Boone Hospital Center incorporates by reference the allegations contained in paragraphs 1 through 13.

25.     BD's predecessor CareFusion Corporation in the course of its business designed, manufactured, and sold the Alaris Medical Systems Model 8100 pump that was used to deliver the oxytocin during plaintiff's mother's labor.

4

21397065.v1

26.     The Alaris Medical Systems Model 8100 pump at the time it was sold was unreasonably dangerous when put to a reasonably anticipated use without knowledge of its characteristics because improper materials were used in the pump's membrane and bezel posts and/or because the membrane and bezel posts were improperly designed.

27.     The unreasonably dangerous condition that existed when the Alaris Medical Systems Model 8100 pump was sold led to separation of the pump's bezel post and membrane and other damage to the bezel, which resulted in the over-infusion of oxytocin during plaintiff's mother's labor.

28.     BD and its predecessor CareFusion Corporation did not give an adequate warning of the Alaris Medical Systems Model 8100 pump's danger.

29.     CH Allied Services, Inc. d/b/a Boone Hospital Center's agents, employees, and representatives used the Alaris Medical Systems Model 8100 pump in a manner reasonably anticipated.

30.     Plaintiff alleges he was injured and damaged from the over-infusion of oxytocin during his mother's labor.

31.     The over-infusion of oxytocin that occurred during plaintiff's mother's labor was the result of the Alaris Medical Systems Model 8100 pump being sold without an adequate warning.

32.     CH Allied Services, Inc. d/b/a Boone Hospital Center has denied and does deny it committed acts or omissions that caused plaintiff's alleged injuries and damages.

33.     Nevertheless, while denying any and all liability to plaintiff, CH Allied Services, Inc. d/b/a Boone Hospital Center has settled plaintiff's claims pursuant to a Release that permits CH Allied Services, Inc. d/b/a Boone Hospital Center to seek contribution from BD.

21397065.v1

34.     CH Allied Services, Inc. d/b/a Boone County Hospital is entitled to contribution against BD for BD's proportionate share of fault in causing plaintiff's injuries and damages resulting from the design, manufacture, and sale of the unreasonably dangerous condition of the Alaris Medical Systems Model 8100 pump.

WHEREFORE, CH Allied Services, Inc. d/b/a Boone County Hospital prays for a Judgment in its favor and against Becton, Dickinson & Company for Becton, Dickinson & Company's proportionate share of fault in causing plaintiff's injuries and damages, for CH Allied Services, Inc. d/b/a Boone County Hospital' costs incurred herein, and for such other and further relief as the Court deems just and proper.

## COUNT III - NEGLIGENCE

35.     CH Allied Services, Inc. d/b/a Boone Hospital Center incorporates by reference the allegations contained in paragraphs 1 through 13.

36.     BD's predecessor CareFusion Corporation designed, manufactured, and sold the Alaris Medical Systems Model 8100 pump that was used to deliver the oxytocin during plaintiff's mother's labor.

37.     The Alaris Medical Systems Model 8100 pump was in a defective condition unreasonably dangerous because improper materials were used in the pump's membrane and bezel posts and/or because the membrane and bezel posts were improperly designed.

38.     The defective condition that existed when the Alaris Medical Systems Model 8100 pump was sold led to separation of the pump's bezel post and membrane and other damage to the bezel, which resulted in the over-infusion of oxytocin during plaintiff's mother's labor.

6

21397065.v1

Electronically Filed - Boone - June 15, 2023 - 08:45 AM

39.     BD and/or its predecessor CareFusion Corporation failed to use ordinary care to design or manufacture the Alaris Medical Systems Model 8100 pump to be reasonably safe or to adequately warn of the risk of harm from the Alaris Medical Systems Model 8100 pump.

40.     CH Allied Services, Inc. d/b/a Boone Hospital Center's agents, employees, and representatives used the Alaris Medical Systems Model 8100 pump in a manner reasonably anticipated.

41.     Plaintiff alleges he was injured and damaged from the over-infusion of oxytocin during his mother's labor.

42.     The over-infusion of oxytocin that occurred during plaintiff's mother's labor was the result of BD's and/or its predecessor CareFusion Corporation's failure to use ordinary care in the design or manufacture of the Alaris Medical Systems Model 8100 pump or to adequately warn of the risk of harm from the Alaris Medical Systems Model 8100 pump.

43.     CH Allied Services, Inc. d/b/a Boone Hospital Center has denied and does deny it committed acts or omissions that caused plaintiff's alleged injuries and damages.

44.     Nevertheless, while denying any and all liability to plaintiff, CH Allied Services, Inc. d/b/a Boone Hospital Center has settled plaintiff's claims pursuant to a Release that permits CH Allied Services, Inc. d/b/a Boone Hospital Center to seek contribution from BD.

45.     CH Allied Services, Inc. d/b/a Boone County Hospital is entitled to contribution against BD for BD's proportionate share of fault in causing plaintiff's injuries and damages resulting from the design, manufacture, and sale of the defective and unreasonably dangerous condition of the Alaris Medical Systems Model 8100 pump.

WHEREFORE, CH Allied Services, Inc. d/b/a Boone County Hospital prays for a Judgment in its favor and against Becton, Dickinson & Company for Becton, Dickinson &

7

21397065.v1

Company's proportionate share of fault in causing plaintiff's injuries and damages, for CH

Allied Services, Inc. d/b/a Boone County Hospital' costs incurred herein, and for such other and

further relief as the Court deems just and proper.

## COUNT IV - NEGLIGENTLY SUPPLYING DANGEROUS INSTRUMENTALITY

46.   CH Allied Services, Inc. d/b/a Boone Hospital Center incorporates by reference

the allegations contained in paragraphs 1 through 13.

47.   BD's predecessor CareFusion Corporation supplied the Alaris Medical Systems

Model 8100 pump that was used to deliver the oxytocin during plaintiff's mother's labor.

48.   The Alaris Medical Systems Model 8100 pump was designed or manufactured

whose bezel and bezel post were susceptible to separation and other damage from weakened

plastic used in the pump's manufacturing process.

49.   The bezel's and bezel post's susceptibility to separation and other damage

rendered the Alaris Medical Systems Model 8100 pump dangerous when put to a reasonably

expected use in that the separation of one or more bezel posts could result in over-infusion.

50.   CH Allied Services, Inc. d/b/a Boone Hospital Center's agents, employees, and

representatives put the Alaris Medical Systems Model 8100 pump to a reasonably expected use.

51.   BD and its predecessor CareFusion Corporation had no reason to believe those for

whose use the Alaris Medical Systems Model 8100 pump was supplied would realize its

dangerous condition.

52.   BD and its predecessor CareFusion Corporation knew or had information from

which BD and its predecessor CareFusion Corporation in the exercise of ordinary care should

have known of the Alaris Medical Systems Model 8100 pump's dangerous condition.

8

21397065.v1

Electronically Filed - Boone - June 15, 2023 - 08:45 AM

53.     BD and its predecessor CareFusion Corporation failed to adequately warn of the Alaris Medical Systems Model 8100 pump's dangerous condition.

54.     BD and its predecessor CareFusion Corporation were thereby negligent.

55.     Plaintiff alleges he was injured and damaged from the over-infusion of oxytocin during his mother's labor.

56.     The over-infusion of oxytocin that occurred during plaintiff's mother's labor was the result of BD's and its predecessor CareFusion Corporation's negligence.

57.     CH Allied Services, Inc. d/b/a Boone Hospital Center has denied and does deny it committed acts or omissions that caused plaintiff's alleged injuries and damages.

58.     Nevertheless, while denying any and all liability to plaintiff, CH Allied Services, Inc. d/b/a Boone Hospital Center has settled plaintiff's claims pursuant to a Release that permits CH Allied Services, Inc. d/b/a Boone Hospital Center to seek contribution from BD.

59.     CH Allied Services, Inc. d/b/a Boone County Hospital is entitled to contribution against BD for BD's proportionate share of fault in causing plaintiff's injuries and damages resulting from the design, manufacture, and sale of the defective and unreasonably dangerous condition of the Alaris Medical Systems Model 8100 pump.

WHEREFORE, CH Allied Services, Inc. d/b/a Boone County Hospital prays for a Judgment in its favor and against Becton, Dickinson & Company for Becton, Dickinson & Company's proportionate share of fault in causing plaintiff's injuries and damages, for CH Allied Services, Inc. d/b/a Boone County Hospital' costs incurred herein, and for such other and further relief as the Court deems just and proper.

**DEFENDANT DEMANDS A TRIAL BY JURY OF TWELVE ON ALL ISSUES.**

21397065.v1

SANDBERG PHOENIX & von GONTARD P.C.

By: _____

Kenneth W. Bean, #28249
Russell L. Makepeace, #51359
Sean M. Harmon, #70105
600 Washington Avenue - 15th Floor
St. Louis, MO 63101-1313
314-231-3332
314-241-7604 (Fax)
kbean@sandbergphoenix.com
rmakepeace@sandbergphoenix.com
sharmon@sandbergphoenix.com
*Defendant CH Allied Services, Inc.*
*d/b/a Boone Hospital Center's Attorneys*

## Certificate of Service

I hereby certify that on this 15th day of June 2023 the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

John Rollins
Paul Kavanaugh
Rollins/Kavanaugh, P.C.
john@therollinslawfirm.com

Chris Faiella
Gump & Faiella, LLC
cfaiella@tgflaw.com
*Attorneys for Plaintiff*

_____

10

21397065.v1