# EXHIBIT C



RETURN SB
7-29-23

# IN THE 13TH JUDICIAL CIRCUIT, BOONE COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JEFF HARRIS | Case Number: 17BA-CV01605 |
| Plaintiff/Petitioner:<br>GEORGE SEIDEL (A MINOR) | Plaintiff's/Petitioner's Attorney/Address<br>JOHN SCOTT ROLLINS<br>4717 GRAND AVE<br>SUITE 840<br>KANSAS CITY, MO 64112 |
| vs. | |
| Defendant/Respondent:<br>CH ALLIED SERVICES, INC. dba BOONE<br>HOSPITAL CENTER | Court Address:<br>705 E Walnut<br>COLUMBIA, MO 65201 |
| Nature of Suit:<br>CC Pers Injury-Malpractice | (Date File Stamp) |

## Summons in Civil Case

| | |
|---|---|
| The State of Missouri to: **BECTON DICKENSON & COMPANY**<br>**Alias:** | |

CT CORPORATION SYSTEM
120 S CENTRAL AVENUE
CLAYTON, MO 63105

*COURT SEAL OF*

**BOONE COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

| 6/29/2023 | /s/ R. Lea |
|---|---|
| Date | Clerk |

Further Information:

## Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with
_____, a person at least 18 years of age residing therein.
☑ (for service on a corporation) delivering a copy of the summons and petition to:
(name) *Intake Specialist* (title)
☐ other: _____

Served at *CT Corp* (address)
in *St Louis* (County/City of St. Louis), MO, on *7/11/23* (date) at *0731* (time)

**LCW - J. CHAPMAN**

*Steven Messenger* _____ *Steven Messenger*
Printed Name of Sheriff or Server / Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
Date / Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

23-SMCC-5389

IN THE CIRCUIT COURT OF BOONE COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| *G. S., a minor, by and through his* | ) | |
| *parents and Next Friends, Tim Seidel* | ) | |
| *and Hayley Seidel,* | ) | |
| | ) | Case No.: 17BA-CV01605 |
| Plaintiff, | ) | |
| | ) | Division No. 2 |
| v. | ) | |
| | ) | |
| *CH ALLIED SERVICES, INC. d/b/a* | ) | |
| *BOONE HOSPITAL CENTER,* | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant/Third-Party Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| *BECTON, DICKINSON &* | ) | |
| *COMPANY,* | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

## ENTRY OF APPEARANCE

COMES NOW, Jonathan T. Barton and the law firm of Stanton | Barton LLC and hereby enters their appearance on behalf of Third-Party Defendant Becton, Dickinson & Company in the above captioned matter and demands a jury trial

Respectfully submitted,

STANTON | BARTON, LLC.

BY: */s/Jonathan T. Barton*
Jonathan T. Barton, Mo. Bar No. 47260
8000 Maryland Ave, Ste 450
St. Louis, MO 63105
Phone: (314) 455-6500
Facsimile: (314) 455-6524
jbarton@stantonbarton.com

1

*Attorney for Third-Party Defendant Becton,*
*Dickinson & Company*

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that a copy of the foregoing was served electronically and via the

Court's electronic filing system, this 9th  day of August 2023 to all counsel of record.

*/s/ Jonathan T. Barton*

2

IN THE CIRCUIT COURT OF BOONE COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| *G.S., a minor, by and through his parents and Next Friends, Tim Seidel and Hayley Seidel,* | ) ) ) ) | |
| Plaintiff, | ) ) | Case No.: 17BA-CV01605 |
| v. | ) ) ) | Division No. 2 |
| *CH ALLIED SERVICES, INC. d/b/a BOONE HOSPITAL CENTER,* | ) ) ) ) | |
| Defendant/Third-Party Plaintiff, | ) ) | |
| v. | ) ) ) | |
| *BECTON, DICKINSON & COMPANY,* | ) ) ) | |
| Third-Party Defendant. | ) ) | |

**THIRD-PARTY DEFENDANT BECTON, DICKINSON & COMPANY'S
MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**

COMES NOW, Third-Party Defendant Becton, Dickinson & Company (hereinafter "BD"), by and through its undersigned counsel, and for its Memorandum in Support of its Motion to Dismiss pursuant to Missouri Supreme Court Rule 55.27(a) states as follows:

**Introduction**

The present action is a contribution claim arising from a lawsuit for injuries sustained by Plaintiff George Seidel when his mother was in labor at Boone Hospital Center on December 20, 2014. *See* Third-Party Plaintiff's Petition, ¶ 8. Plaintiff, through his parents as Next Friends, filed a medical malpractice action against Defendant/Third-Party Plaintiff CH Allied Services, Inc. d/b/a Boone Hospital Center (hereinafter "Boone Hospital"). Plaintiff's injuries allegedly resulted

1

from an over-infusion of Pitocin to his mother while she was in labor. *See* Third-Party Plaintiff's Petition, ¶ 8. Plaintiff's mother allegedly received Pitocin through an Alaris Medical Systems Model 8100 pump throughout her labor. *See* Third-Party Plaintiff's Petition, ¶ 9.

Plaintiff George Seidel is a resident of Moberly, Randolph County, Missouri. *See* Third-Party Plaintiff's Petition, ¶ 1. Boone Hospital is a corporation organized and existing under Missouri law and has its principal place of business in Columbia, Boone County, Missouri. *See* Third-Party Plaintiff's Petition, ¶ 2. BD is incorporated under the laws of New Jersey and has its principal place of business in New Jersey. Boone Hospital intentionally brought its Third-Party Petition for contribution under the same styling as the underlying medical malpractice lawsuit in an effort to destroy federal diversity jurisdiction, despite the fact that Plaintiff's claims have been fully settled and his causes of action against Boone Hospital and BD have been released. *See* Third-Party Plaintiff's Petition, ¶¶ 22, 33, 44, 58. There is no cognizable reason for Plaintiff to remain a party to this action, other than to aid Boone Hospital in destroying federal diversity jurisdiction.

Over approximately four years of litigation on the medical malpractice claim, neither Plaintiff nor Boone Hospital joined BD as a party to the action. It is only now, two years after a settlement of the medical malpractice claims and nearly nine years from the date of Plaintiff's injury, that Boone Hospital seeks to join BD as a party in interest to this lawsuit. Boone Hospital's Third-Party Petition improperly joined BD to a dismissed cause of action as a third-party for the sole purpose of destroying diversity jurisdiction, and therefore dismissal of this action is proper pursuant to Missouri Supreme Court Rule 55.27(a)(11).

## <u>Legal Argument</u>

I. **Boone Hospital may not keep a case out of federal court by improperly joining a diverse party to a settled cause of action between non-diverse parties.**

2

The Supreme Court of the United States has held "that a plaintiff may not keep a case out of federal court by fraudulently naming a nondiverse defendant." *Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 174 (2014) (citing *Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 185–86 (1907)). It follows logically that a defendant, acting as a plaintiff in joining a third-party defendant to assert a crossclaim against it, may not keep a case out of federal court by improperly joining the third-party defendant to a lawsuit which has been settled and all causes of action Plaintiff may have brought have been released.

### A. Plaintiff George Seidel cannot assert claims against Boone Hospital or BD pursuant to his settlement agreement with Boone Hospital.

Pursuant to Plaintiff's settlement agreement with Boone Hospital, Plaintiff is prohibited from asserting any and all claims against Boone Hospital for his injuries resulting from the care he and his mother, Hayley Seidel, received at Boone Hospital Center during her pregnancy, labor, and delivery in December 2014. *See* Third-Party Plaintiff's Petition, ¶¶ 22, 33, 44, 58. Further, Plaintiff is prohibited from asserting any and all claims he may now or later have against Becton, Dickinson & Company, Alaris, CareFusion, and/or any maintenance providers or component part manufacturers of the Alaris Medical Systems Model 8100 pump, for the specific purpose of allowing Boone Hospital to pursue causes of action against said entities. Thus, it is undisputed that Plaintiff is no longer a party in interest to this action, and it is clear that his continued presence in this lawsuit is for no other purpose other than to destroy complete diversity amongst the parties.

### B. There is no reasonable basis in fact or in law for Plaintiff to remain a party to this lawsuit.

A party is improper "when there exists 'no reasonable basis in fact and law' to support a claim against" that party. *Thompson v. R.J. Reynolds Tobacco Co.*, 760 F.3d 913, 915 (8th Cir. 2014). In *Thompson*, the 8th Circuit held that two forum defendants were improperly joined in a wrongful death suit because the plaintiff-decedent had previously obtained a judgment against

3

Electronically Filed - BOONE - August 10, 2023 - 12:49 PM

them during his lifetime in a personal injury suit. *Id.* at 918. Because the plaintiff-decedent's family did not have a viable claim against the two forum defendants at the time of his death, their presence in the wrongful death lawsuit improperly prevented other diverse defendants from removing the case to federal court under diversity jurisdiction. *Id.*

The present case involves a similar situation, although the improper party here is the Plaintiff as opposed to a defendant. Plaintiff George Seidel released all claims and defenses he may assert relating to the medical care he and his mother received during his birth. He has no remaining viable claims against Boone Hospital or BD and is unable to obtain a judgment against the same. As a matter of fact and of law, Plaintiff is not a party in interest to this lawsuit as a result of his settlement agreement with Boone Hospital. Thus, his continued presence as a party is improper because it serves only as a tool for Boone Hospital's obvious forum-shopping. There is plainly no legitimate basis for Boone Hospital to join BD to this lawsuit under the above-styled caption other than to remain in state court. Boone Hospital should have filed a separate lawsuit for its contribution claim in order to avoid retaining an uninterested, improper party in this litigation. By proceeding as they did here—improperly joining BD as a third-party defendant to the settled lawsuit with an uninterested Plaintiff—Boone Hospital attempted to game the system and shop for its preferred forum. This cannot and should not be permitted under existing law on improper joinder.

**WHEREFORE**, Third-Party Defendant Becton, Dickinson & Company respectfully requests this Court dismiss Third-Party Plaintiff CH Allied Services, Inc.'s Petition and for any such further relief as this Court deems just and proper.

4

Respectfully submitted,

**STANTON | BARTON LLC**

By:  /s/ Jonathan T. Barton
Jonathan T. Barton #47260
8000 Maryland Avenue, Suite 450
St. Louis, MO  63105
314-455-6500
314-455-6524 (Fax)
jbarton@stantonbarton.com

*Attorney for Third-Party Defendant Becton,*
*Dickinson & Company*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served electronically and via the

Court's electronic filing system, this 10th day of August 2023 to all counsel of record.

/s/ Jonathan T. Barton

5

IN THE CIRCUIT COURT OF BOONE COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| *G.S., a minor, by and through his parents and Next Friends, Tim Seidel and Hayley Seidel,* | ) ) ) ) | |
| Plaintiff, | ) ) | Case No.: 17BA-CV01605 |
| v. | ) ) ) | Division No. 2 |
| *CH ALLIED SERVICES, INC. d/b/a BOONE HOSPITAL CENTER,* | ) ) ) ) | |
| Defendant/Third-Party Plaintiff | ) ) | |
| v. | ) ) ) | |
| *BECTON, DICKINSON & COMPANY,* | ) ) ) ) | |
| Third-Party Defendant. | ) | |

## THIRD-PARTY DEFENDANT BECTON, DICKINSON & COMPANY'S MOTION TO DISMISS

COMES NOW, Third-Party Defendant Becton, Dickinson & Company (hereinafter "BD"), by and through its undersigned counsel, and for its Motion to Dismiss pursuant to Missouri Supreme Court Rule 55.27(a) states as follows:

1.     This contribution action arises from the medical services provided to Hayley Seidel at Boone Hospital Center during her pregnancy, labor, and delivery of Plaintiff George Seidel on December 20, 2014.  *See* Third-Party Plaintiffs' Petition at ¶ 8.

2.     Third-Party Plaintiff's Petition alleges four theories of liability upon which BD is allegedly liable for contribution for an unspecified amount of damages Defendant/Third-Party Plaintiff CH Allied Services, Inc. d/b/a Boone Hospital Center (hereinafter "Boone Hospital") paid

1

to settle its claims with Plaintiff George Seidel in his medical malpractice lawsuit. *See generally* Third-Party Plaintiffs' Petition.

3.　　The basis of Boone Hospital's Third-Party Petition for contribution against BD is that BD's predecessor, CareFusion Corporation, designed and manufactured the Alaris Medical Systems Model 8100 pump that delivered Pitocin to Plaintiff's mother while she was in labor. *See* Third-Party Plaintiffs' Petition at ¶ 9.

4.　　As a result of his July 22, 2021 settlement with Boone Hospital, and this Court's approval of the minor's compromise, Plaintiff George Seidel is prohibited from asserting claims or causes of action against Boone Hospital, BD, Alaris, CareFusion, and/or any maintenance providers or component part manufacturers of the Alaris Medical Systems Model 8100 pump. Plaintiff is not entitled to monies received pursuant to a judgment against any of these entities.

5.　　Plaintiff George Seidel is therefore not a party in interest to this lawsuit as of July 22, 2021.

6.　　Plaintiff's continued presence in this lawsuit serves only to prevent complete diversity between the parties. Boone Hospital's gamesmanship in joining BD to the above-styled cause of action as opposed to bringing a separate lawsuit seeking contribution is plainly an act of forum-shopping, which is strongly disfavored by our judicial system.

7.　　It is improper to continue this action with Plaintiff as a party because "there exists 'no reasonable basis in fact and law'" for Plaintiff to assert any claims or defenses at this stage of litigation. *Thompson v. R.J. Reynolds Tobacco Co.*, 760 F.3d 913, 915 (8th Cir. 2014).

8.　　Improperly retaining a non-diverse party that plainly does not have an interest in the outcome of the litigation for the purpose of preventing a case from proceeding in federal court is explicitly not allowed. *See e.g., Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161,

2

174 (2014) (citing *Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 185–86 (1907)). Despite the Supreme Court of the United States' ruling on this issue, Boone Hospital nevertheless is attempting to forum shop by joining BD to an already settled matter wherein Plaintiff has no interest in the outcome of the litigation.

**WHEREFORE**, Third-Party Defendant Becton, Dickinson & Company respectfully requests this Court dismiss Third-Party Plaintiff CH Allied Services, Inc.'s Petition and for any such further relief as this Court deems just and proper.

Respectfully submitted,

**STANTON | BARTON LLC**

By: /s/ Jonathan T. Barton
Jonathan T. Barton #47260
8000 Maryland Avenue, Suite 450
St. Louis, MO 63105
314-455-6500
314-455-6524 (Fax)
jbarton@stantonbarton.com

*Attorney for Third-Party Defendant Becton, Dickinson & Company*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served electronically and via the Court's electronic filing system, this 10th day of August 2023 to all counsel of record.

/s/ Jonathan T. Barton

3