IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| G.S., *a minor, by and through his parents and Next Friends,* Tim Seidel and Hayley Seidel, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 2:23-cv-04155-MDH |
| CH ALLIED SERVICES, INC. d/b/a BOONE HOSPITAL CENTER, | ) ) ) |
| Defendant/Third-Party Plaintiff, | ) ) |
| vs. | ) ) |
| BECTON, DICKINSON & COMPANY, | ) ) |
| Third-Party Defendant. | ) |

## ORDER

Before the Court is Defendant Boone Hospital's ("Boone Hospital's") Motion to Remand. The matter is fully briefed and ripe for review. For reasons herein, Boone Hospital's Motion to Remand is **GRANTED**. This matter is hereby remanded to the 13th Judicial Circuit of Missouri. All other pending matters are **MOOT**.

## BACKGROUND

Plaintiff, G.S., a minor represented through his parents and Next Friends, Hayley and Tim Seidel, was born in 2014. At the time of his birth, Plaintiff allegedly suffered injuries as a result of an over-infusion of oxytocin delivered to Plaintiff's mother via a CareFusion/Alaris Medical Systems Model 8100 pump. Plaintiff filed the present lawsuit in Boone County, Missouri Circuit

1

Court in 2017, naming Boone Hospital as defendant. Boone Hospital and Plaintiff reached a settlement on or about July 22, 2021. Boone Hospital alleges that it reserved contribution and indemnity claims in its release and the circuit court judge kept the case pending. The record lacks sufficient clarification as to the state court's reasoning for allowing the case to remain pending following settlement. Third-party defendant Becton, Dickinson, and Company ("BD") allegedly acquired CareFusion Corporation in 2014. Boone Hospital contends that, with consent of the Missouri circuit court, Boone Hospital filed a third-party petition against BD on or about June 15, 2023. Shortly thereafter, BD removed the action to this Court.

**STANDARD**

Defendants may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a). A plaintiff may challenge removal by filing a motion to remand. *See* 28 U.S.C. § 1447(c). The party seeking removal bears the burden of establishing subject-matter jurisdiction. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). "[A] district court is required to resolve all doubts about federal jurisdiction in favor of remand." *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997) (citation omitted).

**DISCUSSION**

The issue to decide here regards the extent to which the Supreme Court's holding in *Home Depot U.S.A., Inc. v. Jackson* applies to the present matter. 139 S. Ct. 1743 (2019). Boone Hospital argues that the Supreme Court's holding in *Home Depot* specifically precludes removal of this action, as the Supreme Court broadly found no third-party defendants may remove under § 1441,

2

the general removal statute. On the other hand, BD argues the present matter is distinguishable from *Home Depot*, as Boone Hospital and the original plaintiff in this matter resolved their claims in July 2021, while this case remained pending in Missouri circuit court, nearly two years before Boone Hospital filed its claim against BD. BD's position is that Boone Hospital's third-party claim against BD is most appropriately considered an entirely new lawsuit rather than a third-party claim and reflects "a clear attempt…to avoid removal to federal court." (Doc. 1 at 3). In other words, BD argues that Boone Hospital initiated the nearly two-year delay between settlement with Plaintiff on July 21, 2021 and filing of the third-party claim against BD on June 13, 2023 simply to take advantage of the Supreme Court's *Home Depot* holding and prevent removal to federal court.

The Supreme Court's interpretation of the general removal statute in Home Depot is broad and unequivocal. "Considering the phrase 'the defendant or the defendants' in light of the structure of the statute and our precedent, we conclude that § 1441(a) does not permit removal by any counterclaim defendant, including parties brought into the lawsuit for the first time by the counterclaim. *Home Depot* at 1748. This language leaves little room for exception or deviation. BD argues that *Home Depot* does not control this matter because Boone Hospital's claims against BD are proper only as a separate lawsuit. This attempt to distinguish the present matter fails, however, because of the breadth of the Supreme Court's interpretation of § 1441(a).

Here, it is undisputed that BD is a third-party defendant who removed the present matter to this court under § 1441(a). (Doc. 1 at 5). Accordingly, this matter falls under the purview of the Supreme Court's holding in *Home Depot*. To the extent, as BD contends, Boone Hospital's claims against BD are proper only as an entirely new lawsuit rather than a third-party claim in the original tort lawsuit, *Home Depot* instructs that Missouri courts must address this issue upon remand.

3

Boone Hospital also argues that BD's Motion to Remand is untimely under § 1441, which provides that, "A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." BD in turn argues that the present matter falls under the bad faith exception to the one-year rule. Because, however, this Court has found removal of this matter improper under *Home Depot*, this Court need not consider Boone Hospital's timeliness argument.

## CONCLUSION

For the above reasons, Boone Hospital's Motion to Remand is **GRANTED**. This matter is hereby remanded to the 13th Judicial Circuit of Missouri. All other pending motions in this matter are accordingly **MOOT**.

**IT IS SO ORDERED.**

Dated: October 17, 2023                  /s/ Douglas Harpool

                                                                                     **DOUGLAS HARPOOL**
                                                                                     **United States District Judge**